IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
JAN 2 4 2006
Michael N. Milby, Clerk of Court

| | |
|---|---|
| DONALD BRAZZEAL, § <br> Petitioner, § <br> VS. § <br> § <br> DOUGLAS DRETKE, § <br> Respondent. § | CIVIL ACTION NO. H-06-0112 |

### MEMORANDUM AND OPINION

Petitioner, Donald Brazzeal, seeks habeas corpus relief under 28 U.S.C. § 2254. Brazzeal is incarcerated under a sentence imposed in Harris County, Texas. Brazzeal was found guilty of delivery of cocaine. Brazzeal does not attack the validity of this conviction or sentence. Rather, he challenges a prison disciplinary hearing conducted at the Jester III Unit of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 1). The threshold issue is whether this federal petition states a violation of a federally-protected right.

### I.   Background

Brazzeal alleges that he received a disciplinary charge under number 20050153674 and that a hearing was held on February 3, 2005. The hearing officer found Brazzeal guilty. The punishment was solitary confinement for 15 days; loss

of commissary and recreation privileges for 35 days; loss of contact visits for 86 days; a reduction in good-time earning class status from State Approved Trusty 2 to Line 2; and a reduction in custodial classification from G-1 to G-5.

In this suit, Brazzeal argues that he was denied due process in the disciplinary hearing because he was falsely charged with the offense of escape and prison officials improperly reduced his custody level. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-7A).

## II. Analysis

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3)

the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. When the punishment has no effect on parole, such as a short period of administrative segregation, an inmate is entitled to notice and an opportunity to present a statement in an informal nonadversary evidentiary review. *Hewitt v. Helms*, 459 U.S. 460 (1983); *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993).

In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court followed its prior decision in *Wolff,* holding that a state may, under certain circumstances, create liberty interests applicable to prisoners, protected by the Due Process Clause. Such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time a prisoner serves. The Due Process Clause does not protect against every change in the conditions of confinement that has a substantial adverse effect upon a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as a result of a disciplinary conviction, which increases the sentence that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

To the extent that Brazzeal attempts to assert a claim of a denial of due process based on the loss of privileges,[1] his claims are barred by *Sandin.* In *Sandin,* a prisoner was placed in disciplinary segregation for thirty days, but received no punishment that inevitably affected the duration of his sentence. The Court held that such sanctions did not require the procedural protections set out in *Wolff.* In this case, the punishments that Brazzeal received are not the types of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484, 486 n.9. The punishment changed the conditions of Brazzeal's confinement, but did not give rise to a due process claim. *Madison,* 104 F.3d at 767-68.

Brazzeal complains that the reduction in custodial classification delayed his release to mandatory supervision. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7A). "Inmates have no protectable property or liberty interest in custodial classifications." *Whitley v. Hunt,* 158 F.3d 882, 889 (5th Cir. 1998). "[A]bsent exigent circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty

---

[1] *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) ("'Inmates have no protectable property or liberty interest in custodial classifications'").

interest." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (quotation omitted). Brazzeal's claim of a constitutional violation from the classification reduction is without legal merit. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

Brazzeal may complain that the reduction in his good-time earning class status has delayed his release on parole, creating a due process violation. Brazzeal may argue that if he had remained at the good-time earning status of SAT 2, rather than Line 2, he would have had an opportunity to earn good-time credits that could have led to an earlier release on parole. Brazzeal states that he did not lose accrued or earned good-conduct time. (Docket Entry No. 1, p. 5). Rather, his ability to earn good time credits was curtailed. The ability to earn good-time credits is not a constitutionally-protected right. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996)("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause"). The possibility that an inmate's good-time earning status will affect the timing of his release is too speculative to create a constitutionally-protected liberty interest. *Id.*

Brazzeal may also argue that the reduction in his good-time earning class status following the disciplinary case has delayed his release on mandatory supervision. In *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000), the Fifth Circuit considered and

rejected the argument that a reduction in good-time earning class status that delayed release to mandatory supervision could be a basis for a federal claim.

Observing that Malchi's time-earning status was less attenuated from his mandatory supervision release than from release on parole, the Fifth Circuit nonetheless concluded that the timing of Malchi's release was too speculative to create a constitutionally protected "right" to a particular time-earning status. *Id.* (citing *Bulger v. United States,* 65 F.3d 48, 50 (5th Cir. 1995)). Under these authorities, Brazzeal's claim based on a reduction in good-time earning class status does not create a constitutional claim.

Brazzeal's federal petition does not present grounds warranting habeas relief.

## III. Conclusion

Brazzeal's challenges to his disciplinary conviction lack merit. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve

encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484. This court will not issue a COA because Brazzeal has not made the necessary showing.

SIGNED on January 20, 2006, at Houston, Texas.

                                                Lee H. Rosenthal
                                     United States District Judge